IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| v. | NO. 13-00421-1 |
| YLLI GJELI | |

**PAPPERT, J.** July 31, 2020

### MEMORANDUM

Ylli Gjeli moves for compassionate release. The Court denies the Motion because extraordinary reasons do not warrant Gjeli's release.

I

In 2014, a jury found Gjeli guilty of racketeering, collecting an unlawful debt, making an extortionate extension of credit and running an illegal gambling business. *See* (Jury Verdict Sheet, ECF No. 368). The Court sentenced him to 168 months' incarceration. (Judgment 2, ECF No. 482.) At sentencing, Gjeli reported no medical conditions, though the Probation Office noted that he had a history of kidney stones and back pain. *See* (PSR ¶¶ 325–26); (Gjeli Sentencing Mem. 8–11, ECF No. 473); (Objs. to PSR 1–5, ECF No. 468) (raising no objections to the PSR's description of his medical condition).

Following the onset of the COVID-19 pandemic, Gjeli petitioned the warden of his prison for compassionate release. *See* (Mot. for Release 1, ECF No. 723). The warden denied the request. *See* (Gov't Resp. 4, ECF No. 731). Having exhausted his prison remedies, Gjeli now moves *pro se* for the Court to grant him compassionate

release under 18 U.S.C. § 3582(c)(1)(A).1 *See* (Mot. for Release 1). He justifies his request by arguing that his arthritis, "shortness of breath and spinal injuries" render him highly susceptible to COVID-19. (*Id.*)

## II

A district court may reduce an inmate's sentence as a form of compassionate release only if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). But "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). Rather, a prisoner must show, at a minimum, that his health conditions render him susceptible to COVID-19. *See, e.g.*, *United States v. Pawlowski*, --- F.3d ----, No. 20-2033, 2020 WL 4281503, at *2 (3d Cir. June 26, 2020) (noting the government conceded that the prisoner's "health conditions and the risks they present in light of the current COVID-19 outbreak constitute 'extraordinary and compelling reasons'").

Gjeli's medical conditions do not present an extraordinary and compelling reason for his release. Even if Gjeli in fact suffers from arthritis, spinal injury and shortness of breath, *but see* (Gov't Resp. 15), he has not shown that those ailments put him at increased risk of severe illness from COVID-19, *cf.* Coronavirus Disease 2019, *People at Increased Risk*, Center for Disease Control and Prevention, https://www.cdc.gov/

---

1 Gjeli also asks the Court to convert his prison term to one of home confinement *See* (Mot. for Release 1). The Court, however, is powerless to grant that request. Congress has invested the Bureau of Prisons—not the courts—with the discretion to determine whether home confinement is appropriate for a given prisoner. *See United States v. Pettiway*, No. CR 08-129, 2020 WL 3469043, at *2 (E.D. Pa. June 25, 2020) ("Congress did not provide the courts with the authority to release inmates into home confinement . . . ."); *United States v. Rodriguez-Collazo*, No. 14-CR-00378-JMY, 2020 WL 2126756, at *3 (E.D. Pa. May 4, 2020) (same); *see also United States v. Tapia*, 564 U.S. 319, 331 (2011) (explaining that once "a court sentences a federal offender, the BOP has plenary control" over where the prisoner serves his sentence).

coronavirus/2019-ncov/need-extra-precautions/index.html (last visited July 30, 2020) (identifying other conditions carrying added risk).  Absent any evidence that Gjeli is highly susceptible to COVID-19, the Court cannot conclude that extraordinary and compelling reasons justify Gjeli's release.  *See Raia*, 954 F.3d at 597.

    An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.