IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>YLLI GJELI | CRIMINAL ACTION<br>NO. 13-421-1 |

**Pappert, J.**                                                                       **November 24, 2025**

## MEMORANDUM

Ylli Gjeli was convicted by a jury for crimes related to loan sharking and an illegal gambling operation. (Dkt. No. 368.) After trial, Judge Yohn entered a preliminary order of forfeiture, (Dkt. No. 413), and sentenced Gjeli to 168 months' imprisonment, (Dkt. No. 482). Gjeli appealed his sentence, challenging, *inter alia*, the District Court's entry of his forfeiture order. *United States v. Ylli Gjeli*, 867 F.3d 418 (3d Cir. 2017). The Third Circuit Court of Appeals remanded to correct a clerical issue and amend the forfeiture order consistent with an intervening Supreme Court decision. *Id.* at 426–27. As a consequence of Gjeli's appeal and the appellate court's instructions, on November 25, 2019 the Court amended the preliminary order of judgment and forfeiture. (Dkt. No. 715.)

Gjeli now moves under Federal Rule of Criminal Procedure 41(g) seeking the return of personal property including a gun, money, personal identification documents and business documents. The Court denies the motion because the property is either subject to forfeiture or because the Government no longer possesses it.

I

"A person aggrieved . . . by the deprivation of property may move for the

property's return . . . The court must receive evidence on any factual issue necessary to decide the motion." Fed. R. Crim. P. 41(g).  A motion for the return of personal property under Rule 41(g) is "treated as a civil proceeding for equitable relief." *United States v. Chambers*, 192 F.3d 374, 376 (3d Cir. 1999).  Absent disputed facts, the Court need not hold an evidentiary hearing.  *United States v. Albinson*, 356 F.3d 278, 282 (3d Cir. 2004).  Because Gjeli's criminal proceeding has ended, the Government bears the burden of demonstrating a legitimate reason to retain his property.  *Id.* at 377.

## II

Gjeli moves for the return of the following property, as he describes it:

1. [Social Security] Card for Ylli Gjeli.
2. U.S. Passport for Ylli Gjeli.
3. All card and home deeds, registrations, titles, *etc*.
4. The black notebook for which I have all my addresses and my private notes.
5. The gun and the money which the government took from the safety box; $130,000.00.
6. The money on the property, 7024 Frankford Ave. When it was sold, the remaining money was mine, and I need this money returned.[1]
7. All the ledgers and business documents/licenses, as well as everything else belonging to the businesses.
8. []

(Dkt. No. 754 at 2) (cleaned up).

### A

Gjeli requests the return of a gun and $130,000.00 that he says was taken from a "safety box." (*Id.*, Item No. 5.)  There is no record that $130,000.00 was seized from a safe.  The record instead shows that $31,900.00 was seized from a

---

[1] Gjeli also claims money was taken from "the [2015] sheriff sale on the property 7024 Frankford Ave, Philadelphia, PA 19135 whatever the difference was." (Def.'s Suppl. Mot. for Return of Prop. at 2, Dkt. No. 764.)

"large safe taken from Lion Bar" at 7016 Frankford Avenue.  (FBI 302 Report and Property Receipt, Dkt. No. 756–2, Ex. A.)  The Court interprets Gjeli's request to refer to the $31,900.00 seized by the FBI in August of 2013 and will not entertain his unsubstantiated request for the return of $130,000.00. [2]  A revolver bearing the serial number CEP9363 was also seized from the safe.  (*Id.*)  The money and gun are included in the amended judgment and preliminary order of forfeiture, (Dkt. No. 715 ¶ 2), and are thus subject to forfeiture, and may not be returned.  *United States v. Nestor*, No. 23-2716, 2025 WL 32814 (3d Cir. Jan. 6, 2025) ("[A] defendant may not reclaim property that is . . . subject to forfeiture.")

B

If, as here, the Government asserts that it no longer possesses requested property and therefore cannot return it, the Court must determine what happened to the property.  *Chambers*, 192 F.3d at 378.  The Court must rest its determination on "a firmer basis than the government's unsubstantiated assertions" that it does not "'possess the property at issue.'"  *Albinson*, 356 F.3d at 282 (quoting *Chambers* 192 F.3d at 377–78).  "[A]ffidavits or documentary evidence . . . may be sufficient to support a fact finder's determination."  *Id.*

The Government has produced sufficient record evidence to demonstrate the requested property was either disposed of on or about February 18, 2022 or was used to pay Gjeli's fines.  The Government submitted the sworn declaration of FBI Counsel Carmen C. DiMario, an FBI Special Agent, (DiMario Decl., Dkt. No. 756–1), and a

---

[2]     "So I am giving this [C]ourt [] one month to return the check of $130,000 [] payable to Ylli Gjeli.  A certified check and we settle and close this matter indefinitely." (Def.'s Suppl. Mot. for Return of Prop. at 2, Dkt. No. 764.)

3

report documenting the FBI's February 18, 2022 disposal of evidence. (FBI 1057 Report, Dkt. No. 756–5, Ex. D.) In the sworn declaration, DiMario states that the social security card, passport, deeds, registrations, titles, a black notebook containing addresses and private note and ledgers, business documents and licenses are no longer in the Government's possession, having been destroyed on or about February 18, 2022. (DiMario Decl. ¶¶ 5(a)–(d), (g).) Gjeli does not dispute the fact of his property's disposal.[3]

With respect to Gjeli's request that an unspecified sum of money related to the property located at 7024 Frankford Avenue be returned, the Government has produced evidence demonstrating that it no longer possesses such funds. The Government allocated $10,682.29 in "surplus funds received from the sheriff's sale" of the property to Gjeli's $25,000 fine in this case. *See* Resp. to Suppl. Mot. for Return of Prop. at 4, Dkt. No. 765; (Check Dated November 19, 2016, *Id.* Ex. A, Dkt. No. 765–1); (Clerk's Payment Report, *Id.* Ex. B at 5, Dkt. No. 765–2.)[4] The Government properly applied these proceeds to Gjeli's fine. 18 U.S.C. § 3613(a), (c).

The Government satisfies its burden to show the items in Gjeli's list, (*supra* Part II, Item Nos. 1–4, 6–7), are not in its possession and therefore cannot be

---

[3] Instead, Gjeli challenges the forfeiture order itself. *See* (Def.'s Reply, Dkt. No. 757 ("[T]he government was never authorized to seize that property located at 7018 Frankford Avenue.")); (Def.'s Second Reply, Dkt. No. 763 (Disputing forfeiture because "[t]he police had no legal warrant to search the premises located at 7018 Frankford Avenue.")) Defendants may only challenge a component of their sentence, like Gjeli's forfeiture order, on direct appeal—not via a Rule 41(g) motion. *United States v. Bernard*, 537 F. App'x 72, 74 (3d Cir. 2014) (per curiam). A defendant who wishes to challenge the forfeiture of property must do so within fourteen days of the entry of the forfeiture order, Fed. R. App. P. 4(b), which has long since passed. To the extent Gjeli's arguments may be interpreted to challenge the forfeiture of property based on aspects of the 2013 seizure, they are an "improper attempt to challenge a component of his sentence." *Bernard*, 537 F. App'x at 74.

[4] Distinct from the surplus sheriff's sale proceeds, the $2,332.67 seized from the 7024 Frankford Avenue property in 2013 is subject to forfeiture and therefore may not be returned to Gjeli. *See* (FBI 302 Report and Property Receipt, Dkt. No. 756–3, Ex. C.); *see also* s*upra* Part II.A.

returned, *United States v. Bein*, 214 F.3d 408, 415 (3d Cir. 2000) ("[Rule 41(g) allows only] one specific remedy—the return of property.").

    An appropriate Order follows.

BY THE COURT:

***/s/ Gerald J. Pappert***
Gerald J. Pappert, J.
